This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38425**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**EMILE ARNAUDVILLE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for possession of a controlled substance (morphine). This Court proposed summary affirmance. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant contends the State failed to prove beyond a reasonable doubt that Defendant knew or believed he was in possession of morphine or some other drug or substance, the possession of which is regulated or prohibited by law. *See* UJI 14-3102 NMRA; NMSA 1978, § 30-31-23(E) (2011, amended 2019). As discussed in our calendar notice, it is undisputed that Defendant was in possession of a syringe that was

found to contain morphine. [MIO 4] Defendant disputes whether the evidence was sufficient to support the element of knowledge, where Defendant testified he possessed the subject syringe, among others, pursuant to the SHARP program, and that he did not know there was morphine in any of the syringes in his possession. [Id.] He suggests that because there was only a residue amount of morphine in the syringe, it was more likely than not that he had no idea the morphine was there. [Id. 4-5]

{3}     To the extent Defendant's testimony could support an acquittal, we are bound to defer to the jury's findings and refrain from reweighing the evidence. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057; *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (noting that the fact-finder is free to reject the defendant's version of the facts). In this case, we conclude the testimony of Defendant and other witnesses, in light of the surrounding circumstances, furnished sufficient evidence for the fact-finder to conclude beyond a reasonable doubt that Defendant knew or believed that he had morphine (or some other regulated or prohibited substance) in his possession. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (noting that we defer to the fact-finder when weighing credibility and resolving conflicts in testimony).

{4}     For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{5}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**